1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FATIMA DEL CARMEN CRUZ DE          Case No.  1:26-cv-0099-JDP
     DIAZ,
12
                    Petitioner,
13                                       ORDER
               v.
14
     CHRISTOPHER CHESTNUT, *et al.*,
15
                    Respondents.
16

17         Fatima Del Carmen Cruz De Diaz seeks a writ of habeas corpus under 28 U.S.C. § 2241

18   and has filed a motion for a temporary restraining order.  Petitioner was previously paroled into

19   the United States and was recently arrested and re-detained by ICE.  She seeks either her

20   immediate release from ICE detention or an order requiring that she be provided an

21   individualized bond hearing under 8 U.S.C. § 1226(a).  The court finds that petitioner is likely to

22   succeed on the merits of her petition and, for the reasons below, grants her motion for a

23   temporary restraining order.

24                              **Background**

25         Petitioner is a citizen of Honduras.  ECF No. 3-3 at 4.  She entered the United States near

26   Roma, Texas with her two young children on September 5, 2023.  *Id.*  After being briefly

27   detained, petitioner and her children were released.  *Id.* at 24.  Petitioner was released on a

28   conditional order of release on recognizance ("OREC") and wore an ankle monitor for about a

                                         1

month before ICE removed it. ECF No. 3-1 at 8. On September 7, 2023, the government issued her a notice to appear. *Id.* Then, on October 2, 2023, an immigration judge closed petitioner's case, citing the government's failure to prosecute. *Id.* In 2024, petitioner filed an asylum application. ECF No. 3-3 at 14. On December 4, 2025, petitioner was arrested when she went to an appointment with ICE. *Id.* She has been detained ever since. *Id.*

## Procedural History

On January 7, 2026, petitioner filed a petition for habeas corpus, ECF No. 2, and a motion for a temporary restraining order, ECF No. 3. Petitioner argues that her re-detention violates the Immigration and Nationality Act ("INA"). *See generally id.* Respondents timely filed an opposition, ECF No. 9, and petitioner filed a reply, ECF No. 10. All parties consented to magistrate judge jurisdiction, and the matter was reassigned to the undersigned on January 14, 2026. ECF No. 11.

## Legal Standard

A temporary restraining order, as with any preliminary injunctive relief, is an extraordinary remedy that is not awarded as of right. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standards governing temporary restraining orders are "substantially similar" to those governing preliminary injunctions. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). To obtain injunctive relief, petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. Although the court must consider all four *Winter* factors, the first factor— likelihood of success on the merits—is the most important. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

## Analysis

This order considers whether petitioner has a "fair chance of success on the merits." *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988). After review of the *Winter* factors, the court finds that petitioner has carried her burden, and a temporary restraining

2

order will issue.

## I.    Likelihood of Success of the Merits

Petitioner argues that she is likely to succeed on the merits of her claim that respondents are violating the Immigration and Nationality Act ("INA") by detaining her without first providing her with a bond hearing.  Specifically, she argues that she is entitled to such a hearing under 8 U.S.C. § 1226(a).  ECF No. 3-1 at 5-13.  In their opposition, respondents argue that 8 U.S.C. § 1225, rather than § 1226(a), applies broadly to all non-citizens, including petitioner, who have not been lawfully admitted, regardless of their physical presence in the country, and that this section allows for petitioner's detention without a bond hearing.  ECF No. 9 at 3-4.  Moreover, the government argues that petitioner's detention under 8 U.S.C. § 1225 comports with due process.  *Id.* at 4-5.

The central question dividing the parties is whether petitioner can be subjected to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), or whether instead her detention is governed by 8 U.S.C. § 1226(a).  With this in mind, the previously assigned judge ordered respondents to address "whether any provision of law or fact in this case would distinguish it from this court's decision in *Labrador-Prato v. Noem*, 1:25-cv-1598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), *Selis Tinoco v. Noem*, 1:25-cv-1762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) and other similar cases."  ECF No. 6.  The government concedes "that this case is similar to the facts of *Labrador-Prato* and *Selis Tinoco* in certain respects," but argues that this case is different because petitioner was re-detained based on numerous OREC violations occurring in a short period of time.[1]  ECF No. 9 at 2.

---

[1] The government also argues that petitioner's detention under § 1225 comports with due process.  ECF No. 9 at 4.  Because the court has found that petitioner must be detained under § 1226 and because petitioner does not make a due process argument, the court need not address this argument.  But even if the court were to consider the government's argument, it would fail.

The government relies on *Demore v. Kim*, 538 U.S. 510 (2003), for the proposition that petitioner's mandatory detention under § 1225 comports with due process.  *Demore*, however, does not stand for that proposition.  *Demore* held that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings" where mandatory detention under § 1226(c) applied to "a limited class of deportable aliens—including those convicted of an aggravated felony."  538 U.S. at 518.  That holding was based on the government establishing a particular interest in detaining a limited class of noncitizens.  *Id.* at

1   In light of the government's response, rather than repeating the statutory discussion on the

2   applicability of § 1225 versus § 1226, this court finds, for the reasons stated in *Dominguez v.*

3   *Noem*, No. 1:25-cv-1577-JDP, 2025 WL 3268507 (E.D. Cal. Nov. 24, 2025), that petitioner's

4   detention is governed by U.S.C. § 1226(a), and that this statute requires that she be provided with

5   a bond hearing prior to her continued detention.  The court will now address respondent's

6   argument that this case is distinguished by the specifics of petitioner's OREC violations.

7   Respondents argue that this court should find petitioner's detention without a hearing

8   lawful because she violated conditions of her OREC, resulting in revocation of her parole.  ECF

9   No. 9 at 2.  Respondents rely on *J.R.M.J. v. Wofford*, 1:25-cv-1567-DC-SCR, 2025 WL 3295593,

10  for support.  In *J.R.M.J.*, the petitioner was arrested and detained for violating conditions of his

11  release.  *Id.* at *1.  The issue before the court was whether the government had complied with the

12  regulations governing revocation of a non-citizen's parole.  *Id.* at *4-5.  As the court noted, prior

13  to revoking a non-citizen's parole due to violations of their conditions of release, the government

14  must follow the revocation procedure set forth in 8 C.F.R. § 241.4.  *Id.* at *5.  Specifically,

15  [T]he alien will be notified of the reasons for revocation of his or
16  her release or parole.  The alien will be afforded an initial informal
    interview promptly after his or her return to Service custody to
17  afford the alien an opportunity to respond to the reasons for
    revocation stated in the notification.
18

19  8 C.F.R. § 241.4(l)(1).  The court held that the petitioner had not shown that ICE failed to comply

20  with the requirements of 8 C.F.R. § 241.4(l)(1) and therefore denied his motion for a temporary

21  restraining order.  *Id.* at *5-6.

22  Our case is differently situated.  As an initial matter, the government has not provided a

23  notice of revocation or any document showing that petitioner's parole has been revoked.  *See*

24  ────────────

25  526.  The Supreme Court found that "[s]uch detention necessarily serves the purpose of
    preventing deportable criminal aliens from fleeing prior to or during their removal proceedings."
26  *Id.* at 526-27.  That same interest is not present here.  Petitioner has not been charged with or
    convicted of a crime.  Moreover, *Demore* noted that detention without bond of a narrow class of
27  non-citizens satisfied due process because the convictions had been obtained with the "full
    procedural protections our criminal justice system offer."  *Id.* at 513-14.  That is plainly not the
28  case here.

4

1  ECF No. 9 at 2.  The government concedes that they "have not been able to verify the manner and

2  process by which Petitioner's OREC was revoked in this case, including any written notice

3  regarding the revocation." *Id.*  Indeed, it appears that petitioner was arrested before she was

4  given notice that her parole was being revoked.  *See* ECF No. 2 at 14 (explaining that petitioner

5  went to ICE to submit a change of address, and during her visit she was arrested).  But even

6  assuming that petitioner's parole was revoked prior to her arrest, the record does not show that the

7  government complied with 8 C.F.R. § 241.4(l)(1).[2]  There is nothing in the record suggesting that

8  the government informed petitioner of the reasons for the revocation of her parole or afforded her

9  an informal interview or other opportunity to respond to the reasons for revocation.

10      Accordingly, the court finds that petitioner has demonstrated that she is likely to succeed

11  on the merits of her claim.

12      **II.    Irreparable Harm**

13      The court finds that petitioner has shown that she will suffer irreparable harm absent a

14  temporary restraining order.  The Court of Appeals has recognized that anyone subject to

15  immigration detention is exposed to irreparable harms.  *See Hernandez*, 872 F.3d at 995 ("The

16  briefs of amici curiae highlight in more concrete terms the irreparable harms imposed on anyone

17  subject to immigration detention (or other forms of imprisonment).")*; see also Arevalo v.*

18  *Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention

19  constitutes irreparable harm.").

20      **III.    Balance of Equities and the Public Interest**

21      Where the government is a party, the last two *Winter* factors are considered together.  *See*

22  *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).  These factors weigh in

23

24      [2] The government has provided a generic print-out to support their contention that
    petitioner violated her OREC eighteen times.  ECF No. 9-1 at 4. Yet, as other courts have held,
25  such a listing of a petitioner's alleged violations is not sufficient to notify a petitioner of the
    reason for revocation.  In *Esmail v. Noem*, the court found that a notice of revocation containing
26  only generic statements, devoid of any factual allegations, was insufficient to notify the petitioner
    of the reasons for revocation of his release.  2:25-cv-08325-WLH-RAO, 2025 WL 3030590, at *5
27  (C.D. Cal. Sept. 12, 2025); *see Bui v. Warden of Otay Mesa Det. Facility*, No. 25-cv-2111-JES-
    DEB, 2025 WL 2988356, at *4 (S.D. Cal. Oct. 23, 2025) (same).
28

favor of petitioner.  First, the Court of Appeals has stated that "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022); *see also League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) ("There is generally no public interest in the perpetuation of unlawful agency action.").  Second, the government has not shown that, if petitioner were released, she would pose a danger to the community or a flight risk.

### IV.    Bond

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  However, the "court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).  The government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).  Accordingly, the court will not require petitioner to provide security.

### Conclusion

Based on the foregoing, the court finds that petitioner's detention is governed by section 1226, and that she is therefore entitled to a bond hearing.  The temporary restraining order will issue.  Petitioner shall be provided a bond hearing within seven days of the date of this order.

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion for temporary restraining order, ECF No. 3, is GRANTED.

2. Petitioner shall be provided a bond hearing under 8 U.S.C. § 1226(a) within seven days of the date of this order.

3. Within ten days, the government shall provide a declaration attesting to whether petitioner has received a bond hearing and the status of her detention.  If petitioner is released after a bond hearing, the government is enjoined and restrained from re-detaining petitioner, absent exigent circumstances, without first providing petitioner with written notice and a pre-

6

detention hearing before a neutral adjudicator.

IT IS SO ORDERED.

Dated:   January 15, 2026                            _____
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE